UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REBECCA WIRTH,

        Plaintiff,

    v.                                  Case No. 18-C-910

RLJ DENTAL, S.C.,

        Defendant.

## DECISION AND ORDER

Plaintiff Rebecca Wirth brought this action against her former employer, Defendant RLJ Dental, S.C., for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Wisconsin Wage Payment and Collection Law (WWPCL). The court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Wirth's state law claims pursuant to 28 U.S.C. § 1367. This case is before the court on the parties' cross-motions for summary judgment. RLJ Dental asserts that Wirth's WWPCL claims that it failed to compensate her for meal periods lasting less than thirty consecutive minutes in duration and failed to pay her wages for attendance at a February 19, 2018 lunch and learn presentation fail as a matter of law. Conversely, Wirth claims that she is entitled to judgment as a matter of law on her WWPCL claim that RLJ Dental failed to compensate her for meal periods lasting less than thirty consecutive minutes and that genuine issues of material fact prevent the court from resolving her remaining WWPCL claim. For the following reasons, both motions for summary judgment will be denied.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The fact that the parties filed cross-motions for summary judgment does not alter this standard. In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 691 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

## BACKGROUND

RLJ Dental is a commercial entity that provides dental services across multiple locations throughout the State of Wisconsin. Pl.'s Proposed Findings of Fact (PPFOF) ¶ 1, Dkt. No. 22. RLJ Dental employed Wirth as an office manager at its Neenah, Wisconsin location from May 3, 2017, to February 20, 2020. *Id.*, ¶ 5. She reported directly to Connie Zirbel, RLJ Dental's operations manager, and Zirbel reported directly to Abbey Krueger, RLJ Dental's Chief Operating Officer. *Id.*, ¶¶ 18–19. From May 3, 2017 through January 28, 2018, RLJ Dental compensated Wirth at an hourly rate of $18.00 per hour. *Id.*, ¶ 9. Effective January 29, 2018, RLJ Dental

increased Wirth's hourly wage to $18.50 per hour. *Id.*, ¶ 10. During Wirth's employment, RLJ Dental maintained a document summarizing an office manager's job responsibilities. Def.'s Proposed Findings of Fact (DPFOF) ¶ 2, Dkt. No. 25.

During Wirth's employment, RLJ Dental scheduled Wirth for a one-hour meal period between 1:00 p.m. to 2:00 p.m. each workday. PPFOF ¶¶ 20–21. Wirth was permitted to leave the premises during her meal period, and Wirth did so on a number of occasions. DPFOF ¶ 8. RLJ Dental's office is closed during the 1:00 p.m. to 2:00 p.m. hour, and RLJ Dental had a sign available for Wirth's use stating that she was out of the office for lunch until 2:00 p.m. Def.'s Statement of Additional Facts ¶¶ 6, 8, Dkt. No. 29. RLJ Dental utilized a physical punch clock that digitally stored and recorded its employees' times for purposes of recording their hours worked each day. PPFOF ¶ 23. RLJ Dental provided Wirth with its employee handbook that specified that employees must clock in and out for their lunch time and clock back in when lunch is finished. Dkt. No. 27-1 at 58. The handbook explains that the employee should not clock back in as soon as the employee is finished eating and that the employee is expected to clock back in just prior to the employee's lunch time being over. *Id.* RLJ Dental expected Wirth to record her hours of work accurately using the punch clock. PPFOF ¶ 26.

On 89 separate occasions during her employment, Wirth's meal period lasted less than thirty consecutive minutes in duration. *Id.*, ¶ 35. Wirth asserts that her meal periods lasted less than thirty consecutive minutes in duration because she punched back in and returned to performing compensable work for and on behalf of RLJ Dental, including checking in patients, checking out patients, managing patients staying late or arriving early, dealing with patient insurance issues or complaints, and managing accounts receivable reports. *Id.*, ¶¶ 37–38. Wirth did not report directly to anyone at RLJ Dental's Neenah office and unilaterally made the decision

3

to take shortened lunches because she believed there was work that needed to be done. DPFOF ¶¶ 10–11. No RLJ Dental employee ever instructed Wirth to take a lunch break of less than thirty minutes. *Id.*, ¶ 12.

RLJ Dental maintains that Wirth punched out for the meal periods and did not perform any compensable work during her meal period. Def.'s Resp. to PPFOF ¶ 38, Dkt. No. 29. Wirth was not compensated for any time she was punched out of RLJ Dental's timekeeping system and thus was not compensated for these meal periods. PPFOF ¶¶ 34, 36. Although RLJ Dental did not compensate Wirth for the time she was punched out for her meal period, it compensated Wirth for the remainder of her hour-long meal period once she punched in to work. RLJ Dental did not discipline Wirth for taking a meal period that lasted less than thirty consecutive minutes in duration but instructed Wirth on numerous occasions that she needed to take full hour lunch periods.

Wirth also claims that RLJ Dental failed to pay her wages for attendance at a February 19, 2018 lunch and learn presentation. RLJ Dental's handbook differentiates between staff meetings and "Lunch & Learns":

> Staff meetings will be held to discuss, review, innovate or assimilate such matters of policy treatment, service, continuing education or concerns as they arise. Staff meeting schedules will be posted ahead of time to allow staff to make any arrangements they may need to so that they will be in attendance. Staff meetings are mandatory and employees will be compensated at a rate of $10.00 per hour for attendance.
>
> If this is a "Lunch & Learn" whereby a sales representative brings in lunch, and the staff is not mandated to stay and learn, the staff will punch out for this.

DPFOF ¶ 17. On or about February 11, 2018, Zirbel orally informed Wirth that RLJ Dental would host a meeting regarding marketing at its Neenah location on February 19, 2018. *Id.*, ¶ 16. Wirth disputes that this meeting satisfied the criteria of a "Lunch & Learn." Pl.'s Resp. to DPFOF ¶ 16,

4

Dkt. No. 33. Zirbel informed Wirth that the meeting was not mandatory and that staff would need to punch out. DPFOF ¶ 17. On February 19, 2018, RLJ Dental held the meeting during the 1:00 to 2:00 p.m. time that Wirth was scheduled to take her lunch break and provided lunch for the staff that attended the meeting. *Id.*, ¶¶ 18–19. Wirth attended the February 19, 2018 meeting, which lasted approximately thirty minutes. *Id.*, ¶ 21.

## ANALYSIS

**A. Shortened Meal Periods**

Wirth claims that RLJ Dental violated the WWPCL by failing to compensate her for meal periods lasting less than thirty consecutive minutes in duration. Under the authority of Wis. Stat. § 103.02, the Department of Workforce Development (DWD) has promulgated an administrative rule, Wis. Admin. Code § DWD 274.02(3), which requires employers to pay employees for on-duty meal periods. *See German v. Wis. Dep't of Transp., Div. of State Patrol*, 2000 WI 62, ¶ 10, 235 Wis. 2d 576, 612 N.W.2d 50. Wisconsin Administrative Code § DWD 274.02 recommends that "each employer allow each employee, 18 years of age or over, at least 30 minutes for each meal period reasonably close to the usual meal period time (6:00 a.m., 12:00 noon, 6:00 p.m. or 12:00 midnight) or near the middle of a shift." § DWD 274.02(2). It also notes that "[s]hifts of more than 6 consecutive hours without a meal period should be avoided." *Id.* Section DWD 274.02(3) states, "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period." Wis. Admin. Code § DWD 274.02(3).

RLJ Dental asserts that Wirth's claim fails under the plain language of the regulation. Specifically, it contends that the plain language of Wis. Admin. Code. § DWD 274.02(3) only requires that the employer provide a meal period consisting of at least thirty minutes free from work; it does not require that the employee actually take the complete thirty-minute meal period. As a result, RLJ Dental asserts that it did not violate § DWD 274.02 because it provided or offered Wirth a one-hour meal period and Wirth unilaterally shortened or ended her meal periods without being told to do so. Wirth maintains that the regulation should be understood to mean that RLJ Dental not only had to provide her with a thirty-minute meal break but that she also had to actually take it.

The court finds that a dispute of fact prevents the awarding of summary judgment to either party on this issue. RLJ asserts that Wirth was relieved from her duties during her meal periods, that RLJ Dental did not place restrictions on her meal periods, no one at RLJ Dental ever instructed Wirth to take a lunch break of less than thirty minutes, and that Wirth chose to shorten her meal period on her own volition. Wirth asserts that the record shows that Wirth's meal period was less than 30 consecutive minutes in duration on 89 separate work days during her employment. She argues that, because RLJ Dental knew that she was not taking duty-free meal periods of at least thirty consecutive minutes and RLJ Dental did not discipline or discharge her for not taking duty-free meal periods, RLJ Dental is obligated to pay her for the time she was clocked out in accordance with the WWPCL. The Seventh Circuit recognizes that one of an employer's duties under the FLSA is to ensure that employees are not performing work during their breaks: "The employer cannot sit back and accept the benefits without compensating them. The employer's duty arises even where the employer has not requested the overtime be performed or does not desire the employee to work, or where the employee fails to report his overtime hours."

*Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 177 (7th Cir. 2011) (internal quotation marks, alterations, and citations omitted); *see also Allen v. City of Chicago*, 865 F.3d 936, 938 (7th Cir. 2017), *cert. denied sub nom.* 138 S. Ct. 1302 (2018) ("Employers must . . . pay for all work they know about, even if they did not ask for the work, even if they did not want the work done, and even if they had a rule against doing the work."). The FLSA does not require "the employer to pay for work it did not know about, and had no reason to know about," however. *Id.* In this case, there is sufficient evidence in the record to raise a genuine dispute of material fact as to whether RLJ Dental knew that Wirth was performing work during her lunch break on all 89 occasions and whether Wirth actually performed compensable work during the entire time she clocked in early from her lunch break. These disputes preclude summary judgment at this time.

**B. February 19, 2018 Meeting**

RLJ Dental contends that Wirth's claim that she should be paid $5.00 for the February 19, 2018 meeting fails because the meeting was not compensable. Under Wis. Admin. Code § DWD 272.12(2)(f), "[a]ttendance at lectures, meetings, training programs and similar activities need not be counted as working time" unless all four of the following criteria are met:

   a. Attendance is outside of the employee's regular working hours;
   b. Attendance is in fact voluntary;
   c. The course, lecture, or meeting is not directly related to the employee's job; and
   d. The employee does not perform any productive work during such attendance.

Wis. Admin. Code § DWD 272.12(2)(f)1. While RLJ Dental asserts that each of the four criteria are met in this case, Wirth asserts that genuine issues of material fact exist so as to preclude summary judgment. The court agrees a dispute of fact exists as to whether the fourth requirement is satisfied, here. RLJ Dental asserts that Wirth did not perform any productive work during her attendance at the Marketing Lunch & Learn presentation. Wirth asserts that, although she does not recall whether she spoke at the meeting, she actively participated in the meeting by listening

7

to the speakers and reviewing documents distributed to the attendees. Accepting Wirth's version of the facts as true, as the court is required to do at this stage, the court finds sufficient evidence from which a reasonable jury could find that Wirth engaged in productive work during the meeting. Accordingly, RLJ Dental's motion for summary judgment will be denied with respect to this claim.

## CONCLUSION

For these reasons, Wirth's motion for summary judgment (Dkt. No. 20) and RLJ Dental, S.C.'s motion for summary judgment (Dkt. No. 24) are **DENIED**. The Clerk is directed to set this matter on the court's calendar for a telephone conference to discuss further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court