UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REBECCA WIRTH,

        Plaintiff,

      v.                                      Case No. 18-C-910

RLJ DENTAL, S.C.,

        Defendant.

## DECISION AND ORDER

Plaintiff Rebecca Wirth brought this action against her former employer, Defendant RLJ Dental, S.C., alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Wisconsin Wage Payment and Collection Law (WWPCL). Wirth claimed that RLJ violated Wis. Stat. § 109.03 by failing to pay her all wages owed. In particular, Wirth alleged that RLJ failed to compensate her for meal periods lasting less than 30 consecutive minutes in duration throughout her employment and for her attendance at a marketing meeting held during the lunch hour on February 19, 2018. She also asserted that RLJ violated the FLSA by retaliating against her when it terminated her employment. After a two-day jury trial, the jury found that Wirth had failed to prove her FLSA claim. The jury returned a verdict in Wirth's favor, however, on her claims that RLJ violated the WWPCL by failing to compensate Wirth for 89 lunch breaks that lasted less than 30 minutes and by failing to compensate her for the February 19, 2018, meeting she attended. The jury awarded Wirth $597.81 in compensatory damages. The Court entered judgment on September 10, 2021.

RLJ thereafter renewed its motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure and alternatively moved for a new trial under Rule 59. RLJ contends that the Court erred in its instructions to the jury on Wirth's claim that RLJ failed to provide her meal breaks of at least 30 minutes. RLJ further contends that the evidence establishes as a matter of law that RLJ did provide its employees with a full hour lunch break and that it is therefore entitled to dismissal of Wirth's claim that it failed to do so on 89 separate occasions. Having considered the briefs and arguments of counsel, the Court now concludes that it did err in its instructions to the jury on Wirth's claim that she was entitled to payment for her lunch breaks and that the error was prejudicial. Because there is some evidence that despite its policy of allowing employees a full hour for lunch, RLJ did not consistently provide Wirth with the opportunity to take a full thirty-minute meal break, RLJ is not entitled to dismissal of Wirth's claims. While RLJ's motion for a new trial on that claim will therefore be granted, its motion for judgment as a matter of law will be denied.

Rule 50 "allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Passananti v. Cook Cty.*, 689 F.3d 655, 659 (7th Cir. 2012) (internal quotation marks and citations omitted). The court must view the evidence presented at trial in the light most favorable to the prevailing party and draw all reasonable inferences in that party's favor. *Martin v. Milwaukee Cty.*, 904 F.3d 544, 550 (7th Cir. 2018).

Under Rule 59(a), a district court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," including on the basis of an erroneous jury instruction. Fed. R. Civ. P. 59(a)(1)(A). To obtain a new trial based on erroneous jury instructions, the movant must show "both that the instructions failed to properly state the law

2

and that he was prejudiced by the error because the jury was likely to be misled or confused." *Rapold v. Baxter Int'l Inc.*, 718 F.3d 602, 609 (7th Cir. 2013) (citation omitted). Jury instructions are considered as a whole to determine whether they were sufficient "to inform the jury of the applicable law." *Boyd v. Ill. State Police*, 384 F.3d 888, 894 (7th Cir. 2004) (citation omitted). A district court "enjoys wide latitude in crafting jury instructions, and as long as those instructions do not misstate the law or fail to convey the relevant legal principles in full, they will stand." *Hicks v. Forest Preserve Dist. of Cook Cty., Illinois*, 677 F.3d 781, 791 (7th Cir. 2012) (citation omitted).

RLJ asserts that the jury instruction regarding Wirth's claim for unpaid on-duty meal periods misstated the law. The Court gave the following instruction regarding on-duty meal periods:

### Violation of Wis. Stat. § 109.03 – Rest Periods of Short Duration

> Wisconsin law does not require that employees be paid over their lunch or meal break as long as the meal break is at least 30 minutes in duration. If the meal break is less than 30 minutes, however, it is considered an on-duty meal break under Wisconsin law and the entire break is considered compensable time. In other words, the employee must be paid for the entire break. Moreover, an employer may not knowingly accept the benefit of work the employer knows its employee is performing without paying for it. If the employer knows or has sound reason to believe that the employee is continuing to work during a 30-minute meal break, the entire break is compensable. Finally, it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.
>
> Ms. Wirth claims that she is entitled to compensation for the numerous occasions during the course of her employment with RLJ Dental when she returned to work less than 30 minutes after she began her lunch break. Question No. 1 asks: Did RLJ Dental violate the Wisconsin Wage Payment and Collection Law by failing to compensate Ms. Wirth for lunch breaks that last less than 30 minutes? In order for Ms. Wirth to prevail on this claim, she must satisfy you by a preponderance of the evidence of the following as to each such occasion:
>
> (1) that the plaintiff commenced working during her lunch break before 30 minutes had elapsed; and

3

> (2) that the defendant knew or had sound reason to believe that the plaintiff was not taking her full 30-minute meal break.
>
> If you find that the plaintiff commenced working during her lunch break before 30 minutes had elapsed on any occasion and that the defendant knew or had sound reason to believe that the plaintiff did not take her full 30-minute break on that occasion, then you should answer Question No. 1 "yes." If you find either that the plaintiff took her full 30-minute break or, if she did not, that the defendant did not know or have sound reason to believe that she did not, then you should answer Question No. 1 "no."
>
> If you have answered Question No. 1 "yes," then answer Question No. 2, which asks: "On how many occasions did RLJ Dental, S.C. fail to pay Rebecca Wirth for a compensable meal break?" In answering this question, you should include the total number of occasions on which you find that the plaintiff returned to work from her lunch break before 30 minutes had elapsed and the defendant either knew, or had sound reason to believe, she had done so.
>
> If you answered Question No. 1 "yes," you should also answer Question No. 3, which asks: "What sum of money will reasonably and fairly compensate Rebecca Wirth for RLJ Dental, S.C.'s failure to compensate her for lunch breaks that lasted less than 30 minutes?"

Dkt. No. 78 at 6–8. RLJ contends that the instruction provided by the Court incorrectly stated the law in that it stated that Plaintiff's "on-duty meal period" claim was governed by the "duration" of her lunch period or how long it lasted instead of making clear that "on-duty meal periods" are defined by the time the employer provides.

The Court's instructions were based upon the regulations promulgated by the Wisconsin Department of Workforce Development (DWD). Under the authority of Wis. Stat. § 103.02, the DWD has promulgated regulations "fixing a period of time, or hours of beginning and ending work during any day, night or week, as is dangerous or prejudicial to the person's life, health, safety or welfare." Wisconsin Administrative Code § DWD 274.02(3) requires employers to pay employees for on-duty meal periods. The regulation defines an on-duty meal period as "a meal period where the employer does not provide at least 30 minutes free from work." *Id.* It further provides that

"[a]ny meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period." *Id.*

Section 272.12 instructs how "hours worked" is to be interpreted. Wis. Admin. Code § DWD 272.12. It explains the difference between rest and meal periods:

> (1) Rest. Rest periods of short duration, running less than 30 minutes are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.
>
> (2) Meal. Bona fide meal periods of 30 minutes or more are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. The employee is not relieved if they are required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at their desk or a factory worker who is required to be at their machine is working while eating.

Wis. Admin. Code § DWD 272.12(2)(c).

An additional provision, which was key to the Court's instruction to the jury addresses the issue of how to treat time during which an employee is working even though she is not required to do so. The regulation states:

> Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. They may be a pieceworker, they may desire to finish an assigned task or they may wish to correct errors, past work tickets, prepare time reports, or other records. The reason is immaterial. The employer knows or has reason to believe that they are continuing to work and the time is working time.

Wis. Admin. Code § DWD 272.12(2)(a)1. The regulation also imposes a duty on management to prevent employees from working during times when it does not want them to work:

> Duty of management. In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them.

5

> The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

§ DWD 272.12(2)(a)3.

The instruction given to the jury was the product of the Court's effort to give effect to these regulations. The Court now concludes, however, that it erred in its effort. As RLJ contends, to avoid paying its employees for a meal period, the employer's duty is *to provide* its employees with at least thirty minutes free from work duties; there is no requirement that it force its employees to take the full break. The Court read the interpretive regulations as imposing such a duty upon the employer, but a careful reading reveals that they do not.

In rejecting RLJ's argument that the jury be instructed that the employer was only required to provide employees with a thirty-minute meal period and not make sure they took it, the Court was attempting to give effect to the interpretive regulations. Section 272.12(2)(a)1 makes clear that "work not requested but suffered or permitted is work time." The same regulation also makes clear that "if the employer knows or has reason to believe that the work is being performed, they must count the time as hours worked." § DWD 272.12(2)(a)2. In this case RLJ did count the time Wirth worked during her meal period as work time; it paid her from the time she clocked back in, even though it was often less than 30 minutes from when she had clocked out. But that does not mean that RLJ did not provide Wirth with at least a thirty-minute meal break. It therefore does not mean that RLJ was required to pay Wirth for the entire time she took for her meal break.

In *Brinker Restaurant Corp. v. Superior Court*, the California Supreme Court identified the two competing concerns that come into play in interpreting regulations governing meal breaks in the employment context. 273 P.3d 513, 536, 139 Cal. Rptr. 3d 315, 343, 53 Cal. 4th 1004, 1040 (2012). On the one hand, employees should not be allowed to "manipulate the flexibility granted them by employers to use their breaks as they see fit to generate such liability. On the other hand,

an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks." *Id.* Both concerns are evident in this case.

The evidence showed that RLJ's policy was to allow a full hour lunch period for its employees. But Wirth, who was the office manager, would punch back in after taking as little as ten minutes to eat her lunch and continue working. Though instructed by RLJ's Operations Manager that she should take her full meal break, Wirth testified that she needed to work over her lunch period in order to complete all the work required of her. RLJ disputed this contention, however, and noted that it did not schedule patients during the one-hour lunch period it provided its employees and that its managers of offices it had in other cities, even offices that were busier, had no trouble taking their full lunch break. In view of the fact that Wirth was taking courses toward a degree in Human Resources at the time, RLJ's suggestion that Wirth was acting willfully in repeatedly and unnecessarily clocking back in early on her lunch break so as to generate a claim against her employer is not entirely implausible.

In fashioning its instruction to the jury, the Court was attempting to give effect to the concern expressed in *Brinker* of preventing the employer from undermining its stated policy of providing a full hour for lunch by requiring the employee to perform tasks that made it impossible for the employee to take even a thirty-minute break. If an employer operated in such a fashion, it could not be said that the employer "provided" its employees with at least thirty minutes free from work. But it does not follow from the fact that an employee punches in early that her employer has imposed work requirements so onerous that taking a full thirty-minute meal break management provided was impossible. It could be, as RLJ argued here, that the employee chose to punch back in after she ate her lunch in order to return to pay status earlier and thereby increase her pay. As

7

the office manager with no one else in the office to monitor what she was doing when she punched back in early, RLJ suspected that Wirth might even have been doing her schoolwork.

In *Brinker*, the California Supreme Court rejected the argument that a statute requiring the employer to "provid[e] the employee with a meal period of not less than 30 minutes" meant that the employer had a duty "to ensure that employees do no work during meal periods." 273 P.3d at 534–35. The court's analysis is persuasive:

> The difficulty with the view that an employer must ensure no work is done—i.e., prohibit work—is that it lacks any textual basis in the wage order or statute. While at one time the IWC's wage orders contained language clearly imposing on employers a duty to prevent their employees from working during meal periods, we have found no order in the last half-century continuing that obligation. Indeed, the obligation to ensure employees do no work may in some instances be inconsistent with the fundamental employer obligations associated with a meal break: to relieve the employee of all duty and relinquish any employer control over the employee and how he or she spends the time. (*See Morillion v. Royal Packing Co.*, *supra*, 22 Cal.4th at pp. 584–585, 94 Cal. Rptr. 2d 3, 995 P.2d 139 [explaining that voluntary work may occur while not subject to an employer's control, and its cessation may require the reassertion of employer control].).

*Id.* at 535 (alterations in original). The *Brinker* court thus concluded that "[p]roof an employer had knowledge of employees working through meal periods will not alone subject the employer to liability for premium pay." *Id.* at 536. The employer satisfies its obligation to provide an unpaid meal break, the court held, "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Id.* at 536–37.

Based on the court's analysis is *Brinker*, the Court now concludes that it erred in instructing the jury that RLJ was liable under the WWPCL if it "knew or had sound reason to believe that the plaintiff was not taking her full 30-minute meal break." As the *Brinker* court explained, and as RLJ argued throughout the case, nothing in the language of the applicable regulation requires that the employer control its employees' conduct during an unpaid meal break. The interpretive

8

regulations require only that the employer pay for work "suffered or permitted." § DWD 272.12(2)(a)1. Because RLJ paid Wirth for all of the time she was on the clock, it fully complied with that regulation. The regulation governing meal breaks requires only that the employer provide a minimum of thirty minutes in order for the break to be considered unpaid. It does not require that the break be paid when the employee freely chooses not to take it despite the opportunity to do so. By instructing the jury that RLJ's actual or constructive knowledge that Wirth was not taking a full thirty-minute break was sufficient to find that RLJ had failed to provide her the required time off, the Court not only ignored the plain language of the regulation, but also failed to take into consideration the risk that employees could manipulate the meal breaks in order to generate additional pay and/or claims against their employer.

Given the evidence in the case, the error was clearly prejudicial. Indeed, RLJ argues that under a correct statement of the law the evidence was legally insufficient to support a verdict in Wirth's favor on her claim that she was not provided at least thirty minutes for her lunch breaks. The argument is not without merit. Although Wirth testified that she believed she was required to perform tasks when the need arose over the lunch hour, Operations Manager Connie Zirbel testified that she had several conversations when she instructed Wirth that it was important that she take her full lunch period. Zirbel testified that at one point Wirth said she had researched the issue and RLJ could not force her to take a lunch period. This testimony and the fact that management provided signs stating that the office was closed for the lunch hour strongly suggest that it was not management that prevented Wirth from taking at least a thirty-minute break for lunch. On the other hand, Wirth's testimony that she believed it was necessary for her to work over the lunch hour to complete the duties she was assigned raises a factual issue a jury must decide. That issue is whether notwithstanding its policy allowing employee's a one-hour lunch

9

break, RLJ impeded or discouraged Wirth from taking even a thirty-minute break free from work duties and thereby failed to provide her the required time off. *Brinker*, 273 P.3d at 536–37.

Accordingly, RLJ's Rule 59 motion for a new trial will be granted. RLJ's Rule 50(b) motion for judgment as a matter of law will be denied. Wirth's motion to alter or amend the judgment to allow for liquidated damages under Wis. Stat. § 109.11(2)(a), or alternatively, for prejudgment interest is denied, since the judgment is vacated by virtue of the Court's order for a new trial. Wirth's motion for attorneys' fees pursuant to Wis. Stat. § 109.03(6) is likewise denied as premature since no final judgment has been entered. The Clerk is directed to place this matter on the Court's calendar for a telephone conference to discuss further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of February, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge