UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REBECCA WIRTH,

        Plaintiff,

    v.                                    Case No. 18-C-910

RLJ DENTAL, S.C.,

        Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

Plaintiff Rebecca Wirth brought this action against her former employer, Defendant RLJ Dental, S.C., alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Wisconsin Wage Payment and Collection Law (WWPCL). Wirth claimed that RLJ violated Wis. Stat. § 109.03 by failing to pay her all wages owed. More specifically, Wirth alleged that RLJ failed to compensate her for meal periods lasting less than thirty consecutive minutes in duration throughout her employment and for her attendance at a marketing meeting held during the lunch hour on February 19, 2018. She also asserted that RLJ violated the FLSA by retaliating against her when it terminated her employment.

After a two-day jury trial, the jury found that Wirth had failed to prove her FLSA claim. But the jury returned a verdict in Wirth's favor on her claims that RLJ violated the WWPCL by failing to compensate Wirth for 89 lunch breaks in which she had punched in after less than thirty minutes and by failing to compensate her for the one-hour meeting she attended on February 19, 2018. With respect to the 89 lunch breaks, RLJ had paid Wirth for the time after she punched back

in; it did not pay her for the time during which she was clocked out. The jury awarded Wirth $597.81 in compensatory damages. The Court entered judgment on September 10, 2021.

On October 6, 2021, RLJ moved for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) on Wirth's WWPCL meal period claims, asserting that the Court's jury instruction related to those claims misstated the law. The Court had instructed the jury that RLJ was required to pay Wirth for the full meal break if it "knew or had sound reason to believe that the plaintiff was not taking her full 30-minute meal break," regardless of whether it had provided her the time off needed to take the full break. RLJ argued that under the applicable regulations, an employee meal break could be unpaid as long as the employee was *provided* at least thirty minutes free from work. By instructing the jury that the meal break had to be paid regardless of whether the employer provided a full thirty minutes if the employer knew or should have known that the employee was not taking the full break, RLJ claimed that the Court had erred.

The Court agreed and granted the motion for a new trial on February 7, 2022. Dkt. No. 108. In so ruling, the Court concluded that, with respect to unpaid meal breaks, an employer's duty is *to provide* its employees with at least thirty minutes free from work duties. The Court further concluded that an employee could not generate a claim for a paid meal break against her employer by refusing to take the full half-hour meal break her employer explicitly and in good faith provided. Because it had instructed the jury, in effect, that it was not only the employer's duty to provide a break but also to force the employee to take a full thirty-minute meal break, the Court concluded that RLJ was entitled to a new trial on the meal break claims. The Court rejected RLJ's argument that it was entitled to judgment as a matter of law on the evidence presented, noting that there was some evidence that despite its meal break policy, RLJ impeded or

2

discouraged Wirth from taking even a thirty-minute break free from work duties and thereby failed to provide her the required time off.

The parties thereafter entered into a stipulation waiving their right to a jury for the new trial and agreeing that the Court should make a determination based on the evidence presented at trial and supplemental briefs. Dkt. No. 113. For the reasons given below, I now find by a preponderance of the evidence that RLJ provided Wirth with at least a thirty-minute lunch break and that Wirth chose not to take her full thirty-minute meal break even though her job duties did not prevent her from doing so and despite the fact her employer directed her to take her full break.

Wirth asserts that RLJ cannot overcome the rebuttable presumption that it impeded and discouraged her from taking a thirty-minute meal break free from work duties and therefore did not provide her with the required time off. She maintains that she was forced to take a lunch break of less than thirty consecutive minutes in duration given production demands. But the evidence shows that RLJ did not impede or discourage Wirth from taking a thirty-minute meal break. RLJ's policy was to allow a full hour lunch period for its employees, and RLJ acted in good faith by instructing Wirth to take the break. Managers of other RLJ offices in other cities, even offices that were busier, had no trouble taking their full lunch break. Wirth's supervisor, Operations Manager Connie Zirbel, who I find a credible witness, testified that she had several conversations where she instructed Wirth that it was important that she take her full lunch period and that, at one point, Wirth said that she had researched the issue and RLJ could not force her to take a lunch period. From the fact that Wirth was pursuing a degree in the field of human resources at the time of her employment and the manner in which she addressed her supervisor when it was brought to her attention, I find that Wirth was well aware of the law and intentionally manipulated her lunch hour so as to increase her earnings. This evidence and the fact that management provided signs stating

3

Case 1:18-cv-00910-WCG   Filed 06/08/22   Page 3 of 4   Document 121

that the office was closed for the lunch hour show that it was not management that prevented Wirth from taking at least a thirty-minute break for lunch. Based on this evidence, I conclude that Wirth was provided at least a thirty-minute lunch break but elected not to take it in order to increase her earnings. Accordingly, Wirth's meal break claims must be dismissed.

The Clerk is directed to enter judgment in favor of Plaintiff Rebecca Wirth and against Defendant RLJ Dental, S.C., on her staff meeting claim under the Wisconsin Wage Payment and Collection Law, Wis. Stat. Ch. 109, in the amount of $9.25. Plaintiff's claim of retaliatory discharge under the Fair Labor Standards Act, 29 U.S.C. § 215, and her meal break claims under the WWPCL are dismissed.

Under the WWPCL, a court may allow the prevailing party a reasonable sum for expenses, including attorney's fees. *See* Wis. Stat. § 109.03(6). In the exercise of its discretion, the Court concludes that neither party has prevailed such that attorney's fees are warranted; therefore, no attorney fee award will issue. Each party shall bear their own statutory costs under Fed. R. Civ. P. 54(d)(1). *See Testa v. Vill. of Mundelein*, 89 F.3d 443 (7th Cir. 1996).

**SO ORDERED** at Green Bay, Wisconsin this 8th day of June, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge